Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000605
25-OCT-2018
08:14 AM

NO. CAAP-18-0000605

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee/Cross-Appellant
v.
RAFAEL ARROYO, Defendant-Appellant/Cross-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC151000379(2) (CR. NO. 15-1-0379(2))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of Defendant-Appellant Rafael Arroyo's
(Arroyo) appeal in appellate court case number CAAP-18-0000605,
it appears that we lack appellate jurisdiction over Arroyo's
appeal from the Honorable Peter T. Cahill's July 26, 2018
judgment of conviction for Count 1 burglary in the first degree
in violation of HRS § 708-810(2014) and Count 3 burglary in the
first degree in violation of HRS § 708-810(2014) in circuit court
criminal case number 2PC151000379, because neither the July 26,
2018 judgment nor any prior orders adjudicate Count 4, Count 7
and Count 9 in Plaintiff-Appellee State of Hawaii's June 3, 2015
felony information and non-felony complaint that alleged the
following ten counts:

> (1)    burglary in the first degree in violation of HRS
>         § 708-810 (2014);
>
> (2)    criminal property damage in the fourth degree in
>         violation of HRS § 708-823 (2014);

(3) burglary in the first degree in violation of HRS § 708-810 (2014);

(4) assault in the second degree in violation of HRS § 707-711 (2014);

(5) abuse of family or household member in violation of HRS § 709-906 (2014);

(6) theft in the third degree in violation of HRS § 708-832 (2014);

(7) burglary in the first degree in violation of HRS § 708-810 (2014);

(8) unlawful imprisonment in the first degree in violation of HRS § 707-721 (2014);

(9) assault in the third degree in violation of HRS § 707-712 (2014); and

(10) interference with reporting an emergency or crime in violation of HRS § 710-1010.5 (2014).

The circuit court has not entered any written order or judgment that has adjudicated Count 4, Count 7 and Count 9, and, thus, the July 26, 2018 judgment of conviction has not "terminated the proceedings in the case and left nothing further to be accomplished by the lower court." State v. Nicol, 140 Hawai'i 482, 492, 403 P.3d 259, 269 (2017). Although the record indicates that the circuit court entered written orders that dismissed Counts 2, 5, 6, 8, and 10, the record does not contain written orders dismissing any of the remaining counts. In general, the concept of entering of an order "signifies something more formal than mere oral rendition of an order or ruling of the court, and contemplates a filed written order." Scott v. Liu, 46 Haw. 221, 225-26 377 P.2d 696, 700 (1963); State v. Bulgo, 45 Haw. 501, 503, 370 P.2d 480, 482 (1962). Although the circuit court minutes indicate that on September 15, 2016, the circuit court announced its intent to dismiss Count 7 and Count 9, the circuit court minutes "do not substitute for the requisite written document; they are merely 'prepared for [the court's] own use.' RCCH Rule 27." State v. English, 68 Haw. 46, 52, 705 P.2d

12, 16 (1985) (footnote omitted). Furthermore, the circuit court minutes do not express any intent at all by the circuit court to dismiss Count 4, which the circuit court did not adjudicate by way of a written order or written judgment. Consequently, Count 4, Count 7 and Count 9 are still pending before the circuit court for formal adjudication in circuit court criminal case number 2PC151000379. Absent a final judgment or final order that terminates the proceedings in circuit court criminal case number 2PC151000379, leaving nothing further to be accomplished, Arroyo's current appeal from the ongoing proceeding is premature, and we lack appellate jurisdiction.[1]

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000605 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 25, 2018.

Presiding Judge

Associate Judge

Associate Judge

---

[1] We note that John F. Parker (attorney number 9120) is still the counsel of record for Arroyo in this matter before the circuit court and is, therefore, responsible for ensuring that Arroyo pursues appellate review, if any, at an appropriate time and in an appropriate manner under the controlling law.